GREAT NORTHERN RY. CO. v. COMMODITY CREDIT CORPORATION.

MINNEAPOLIS, ST. P. & S. S. M. R. CO. v. COMMODITY CREDIT CORPORATION.

NORTHERN PAC. RY. CO. v. COMMODITY CREDIT CORPORATION.

Civ. Nos. 1577, 1578, 1579.

United States District Court, D. Minnesota, Fourth Division.

Jan. 10, 1949.

For original opinion, see 77 F.Supp. 780.

J. H. Mulally, of St. Paul, Minn., for Great Northern Ry. Co.

D. R. Frost, of St. Paul, Minn., for Northern Pacific Ry. Co.

A. O. Bjorklund, of Minneapolis, Minn., for Minneapolis, St. Paul & Sault Ste. Marie Ry. Co.

John W. Graff, U. S. Atty., of St. Paul, Minn., for Commodity Credit Corporation.

JOYCE, District Judge.

After hearing arguments of counsel and after due consideration thereof, It is Hereby Ordered, that the motions of the plaintiffs are hereby denied, An exception is reserved to each of the parties.

Upon the hearings of these motions it became apparent to the Court that plaintiffs are apprehensive that the Court's memorandum opinion of April 26, 1948 might be construed as authority for the application of the "ex-lake" rate to shipments other than "ex-lake" shipments. The memorandum decision sought to make clear that the questions decided therein were applicable only to the facts in these three cases, but in order that any misunderstanding might be eliminated the Court's memorandum decision of April 26, 1948 is hereby amended by adding thereto as a separate paragraph on page 15 of the Court's memorandum opinion, 77 F.Supp. 780, 789, immediately preceding the paragraph commencing with the words "Were these shipments transited * * *" the following new paragraph:

In concluding that the "ex-lake" rate published in the Kipp Tariff is a "local (flat, not proportional or reshipping)" rate as that term is used in the Hoke Tariffs, it is not suggested or implied that the "ex-lake" rate is applicable to any shipments other than the "ex-lake" shipments specifically identified as such in the Kipp Tariff. The designation of the rate in the Kipp Tariff as "ex-lake" and the provision in the Kipp Tariff that "on shipments of ex-lake whole grain, flaxseed and/or screenings * * * shippers must certify that shipments were received by boat * * *" limits the application of the "ex-lake" rate to ex-lake shipments where it is properly certified that the shipments were received by boat and would exclude shipments which were not ex-lake and which were not received by boat. In these three cases the only shipments in question were ex-lake

shipments and for which shipments proper certificates were filed that they were received by boat and as to which shipments it was stipulated that the "ex-lake" rate in the Kipp Tariff was applicable.